UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| R&G FINANCIAL CORPORATION | CASE NO 10-04124-11 (ESL) |
| Debtor | CHAPTER 11 |

**DEBTOR'S APPLICATION TO EMPLOY AND RETAIN ZARAGOZA & ALVARADO LLP AS ACCOUNTANT TO THE DEBTOR AND DEBTOR IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

**NOTICE: WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED R. BANK. P. 9006(F) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (i) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (iii) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.**

TO THE HONORABLE ENRIQUE S. LAMOUTTE INCLAN
UNITED STATES BANKRUPTCY JUDGE:

The above captioned debtor (the "Debtor") hereby applies for entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), authorizing the Debtor to employ and retain Zaragoza & Alvarado LLP to provide accounting and taxation services to the Debtor, *effective as of* the commencement of this chapter 11 case. In support of this Application, the Debtor submits the Declaration of Juan Zaragoza Gomez, (the "Zaragoza

1

569024

Declaration"), which is attached hereto as Exhibit B. In further support of this Application, the Debtor respectfully states as follows:

## I. Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327(a), 327(b), and 330 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules")

## II. Background

3. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 14, 2010 (the "Petition Date"). The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case, and no committees have yet been appointed or designated.

### A. The Debtor and its Bankruptcy Filing

4. The Debtor is a former bank holding company whose principal asset was its 100% interest in R-G Premier Bank of Puerto Rico (the "Bank"). On April 30, 2010 the Bank, along with two other Puerto Rican banks, was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico (the "OCFI").

5. Prior to its closure by the OCFI, the Bank provided a full range of banking, mortgage banking, and insurance brokerage services throughout Puerto Rico. For a number of years, the Debtor's subsidiaries also provided banking services in a limited number of cities in Florida. On April 30, 2010, the OCFI closed the Bank and appointed the Federal Deposit Insurance Corporation (the "FDIC") as receiver. In the wake of the loss of its principal operating subsidiary, the Debtor filed a voluntary chapter 11 petition on May 14, 2010.

### B. The Debtor's Bankruptcy Operations

6. Notwithstanding its bankruptcy filing, the Debtor continues to be subject to various accounting and reporting requirements imposed by the bankruptcy code, Puerto Rico tax law, and other applicable laws. Such obligations include, but are not limited to, preparing monthly operating reports, computing applicable Puerto Rico withholding taxes relating to services and/or payments made to persons not residing within Puerto Rico, and preparing Puerto Rico corporate income tax returns.

7. Although the Debtor maintains a limited managerial staff to assist it with its accounting and tax reporting obligations, the Debtor has consistently relied on the assistance of outside accounting professionals in performing such tasks. Consistent with its historic relationship with outside accounting firms, the Debtor proposes to retain Zaragoza & Alvarado LLP ("Zaragoza") as accountant to the Debtor, in order to assist the Debtor in complying with its many accounting, reporting, and tax compliance obligations.

### III. Relief Requested

8. By this application, the Debtor seeks entry of an order pursuant to sections 327(a), 327(b), and 330 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016

authorizing the Debtor to retain and employ Zaragoza to provide accounting and taxation related services to the Debtor, in accordance with the terms and conditions set forth in the engagement proposal between the Debtor and Robert Zaragoza dated as of June 24, 2010 (the "Engagement Letter"), a copy of which is annexed as Exhibit 1 to Exhibit A attached hereto and incorporated by reference.

9. Specifically, the Debtor requests authority to employ and retain Zaragoza to render accounting services, tax consulting and compliance services, and other services relating to accounting and taxation matters, to the extent requested by the Debtor.

### IV. Zaragoza's Qualifications

10. By this Application, the Debtor seeks to employ and retain Zaragoza in a limited capacity with respect to matters described above because of Zaragoza's recognized expertise and extensive knowledge of the Debtor's business, accounting practices, and tax reporting practices. In addition, as described below, because of Zaragoza's prepetition employment by the Debtor, Zaragoza has historical knowledge of the Debtor's operations, its accounting practices, and its tax reporting practices and history.

11. For many years, Zaragoza has provided various accounting and taxation services to the Debtor. These services include, but are not limited to, preparation of the Debtor's Puerto Rico corporate income tax and personal property tax returns. Thus, Zaragoza is familiar with the Debtor's operations, as well as many of the accounting and taxation issues that may arise in the context of the matters for which the Debtor seeks Zaragoza's assistance. Due to Zaragoza's longstanding relationship with the Debtor, Zaragoza is both well qualified and

uniquely positioned to provide the accounting, taxation, and other services for which the Debtor seeks Zaragoza's assistance.

## V. Services to be Provided

12. Subject to further order of the Court and as more fully set forth in the Engagement Letter, the Debtor requests authority to employ and retain Zaragoza to provide accounting, taxation, and other services relating to accounting and taxation matters, to the extent requested by the Debtor.

## VI. No Duplication of Services

13. Zaragoza understands that the Debtor has retained and may retain additional professionals during the term of this bankruptcy case and agrees to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtor. Specifically, by separate applications, the Debtor seeks to retain (a) Patton Boggs LLP, as general restructuring counsel in this chapter 11 case, (b) Pietrantoni, Mendez and Alvarez LLP as Puerto Rico restructuring counsel, and (c) Carlos Machado, P.A., of Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP, as special counsel with respect to matters relating to loan participations and Florida real estate law. Zaragoza has assured the Debtor that it will work closely with each of these firms to take care not to duplicate their efforts in this chapter 11 case.

14. The Debtor believes that it is crucial that Zaragoza be retained to provide accounting and taxation related services to the Debtor given its extensive prior history of representing the Debtor with respect to accounting and taxation issues. If the Court does not authorize the Debtor's employment and retention of Zaragoza in its chapter 11 case, the Debtor,

569024

its estate and all parties in interest would be unduly prejudiced by the time and related expense for other accounting professionals to familiarize themselves with the matters described above.

15. Moreover, Zaragoza will not otherwise render any services with respect to the administration of the Debtor's chapter 11 case absent separate application to the Court. Zaragoza does not anticipate that it will be involved in the interfacing with this Court.

### VII. Professional Compensation

16. Subject to the Court's approval, and in accordance with section 330(a) of the Bankruptcy Code, and as set forth in greater detail, Zaragoza intends to charge for the various services provided to the Debtor as follows:

> A. **Accounting Services** – Zaragoza will charge the Debtor on an hourly basis, in accordance with its ordinary and customary hourly rates for such services in effect on the date that services are rendered, for any accounting services provided to the Debtor.
>
> B. **Tax Compliance Services and Other Compliance Services** – Zaragoza will charge the Debtor a fixed fee, at the rates set forth in the Engagement Letter, for the preparation of various tax compliance reports. The fee for each report will vary, based on the difficulty and complexity associated with the preparation of such report.
>
> C. **Tax Consulting Services and Government Resolution Services** – Zaragoza will charge the Debtor on an hourly basis, consistent with its ordinary and customary rates for such services in effect on the date that services are rendered.

17. Zaragoza will also seek reimbursement of actual and necessary out of pocket expenses incurred in connection with the services provided to the Debtor. For all services for which Zaragoza will invoice the Debtor on an hourly basis, Zaragoza will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection

6
569024

with the rendering of the services described above, by category and nature of the services rendered.

18. Zaragoza's hourly rates are set at a level designed to fairly compensate Zaragoza and to cover fixed and routine overhead expenses. Zaragoza's hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. In particular, Zaragoza's rates for matters related to this chapter 11 case may range from $45/hour to $250/hour, depending on the level of experience of the professional and the nature of the service provided.

19. It is Zaragoza's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Zaragoza's policy to charge its clients only the amount actually incurred by Zaragoza in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

20. Zaragoza will apply to the Court for payment of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines and any other applicable orders or procedures established by the Court. Zaragoza will submit with its final fee application, detailed daily time entries for each individual providing services in one-tenth (.10) hour increments, explaining the services provided as well as a categorized summary of disbursements and expenses for which Zaragoza is seeking reimbursement.

569024

21. Zaragoza further states that pursuant to Bankruptcy Rule 2016(b) it has not shared, nor agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the partners, associates and employees associated with Zaragoza or (b) any compensation another person or party has received or may receive.

### VIII. Prepetition Fees and Expenses

22. Zaragoza had provided a limited amount of accounting and/or taxation services to the Debtor before the Petition Date which remained unpaid as of the Petition Date. However, Zaragoza has decided to waive the fees and expenses that it incurred prior to the Petition Date.

### IX. Zaragoza's Lack of Adverse Interests with Respect to Matters on Which Zaragoza is to be Employed

23. To the best of the Debtor's knowledge, Zaragoza does not have any connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or its respective attorneys and accountants with respect to any matters on which Zaragoza is to be engaged, except as set forth herein and in the Zaragoza Declaration, attached hereto as Exhibit B.

### X. Basis for Relief

24. Section 327(a) of the Bankruptcy Code provides that a debtor in possession, subject to court approval:

> [M]ay employ, one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

25. Section 327(b) of the Bankruptcy Code provides that a debtor in possession that has regularly employed attorneys, accountants, or other professional persons on salary:

> [M]ay retain or replace such professional persons if necessary in the operation of such business.

11 U.S.C. § 327(b).

26. Moreover, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

27. The Debtor has selected Zaragoza to perform the services described herein and in the Engagement Letter because of Zaragoza's experience with respect to such matters, as well as Zaragoza's prior experience with the Debtor's accounting and taxation practices. The Debtor believes that Zaragoza's retention is in the best interests of the estate. Further, the Debtor believes that Zaragoza is well-qualified to provide accounting and taxation services to the Debtor and that the duplicative cost involved in the failure to retain Zaragoza at this juncture would prejudice the Debtor and its estate.

28. Accordingly, the Debtor believes that Zaragoza is qualified to provide the services sought by the Debtor. Moreover, as discussed in more detail above, Zaragoza asserts

9

that to the best of its knowledge, information and belief, at the time of the filing of this Application, it does not represent or hold any interest adverse to the Debtor with respect to matters on which Zaragoza is to be employed, will disclose any conflicts that may arise in the future or of which it becomes aware and will not represent any party with interests adverse to the Debtor with regard to the matters on which it is to be retained. Thus, the retention of Zaragoza is in the best interests of the Debtor's estate, its creditors and all other parties in interest.

## XI. Notice

29. In accordance with the Order Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 59), the Debtor has provided notice of this application Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Puerto Rico; (ii) the Debtor's prepetition secured lender; (iii) the Debtor's holders of the twenty (20) largest unsecured claims, and (iv) all other persons requesting notice. The Debtor submits that under the circumstances no other or further notice is necessary.

## Conclusion

WHEREFORE, for the reasons set forth herein and in the Zaragoza Declaration, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form annexed hereto as Exhibit A, (a) authorizing the Debtor to employ and retain Zaragoza to provide the services described herein, effective as of the Petition Date, (b) approving the terms of the Engagement Letter and (c) granting such other and further relief as is appropriate.

Dated: August 11, 2010

Respectfully submitted,
R&G Financial Corporation.

*/s/ Rolando Rodriguez*
Rolando Rodriguez

Contract Manager

Dated: August 11, 2010.

Respectfully Submitted,

/s/ Brent McIlwain
Robert W. Jones
rwjones@pattonboggs.com
Brent McIlwain
bmcilwain@pattonboggs.com
PATTON BOGGS LLP
2000 McKinney Avenue, Suite 1700
Dallas, TX 75201
Telephone:(214) 758-1500
Facsimile: (214) 758-1550

- and -

Jorge I. Peirats
jpeirats@pmalaw.com
PIETRANTONI MÉNDEZ & ALVAREZ LLP
Popular Center, 19th Floor
209 Muñoz Rivera Avenue
San Juan, PR 00918
(787) 274-4904
(787) 274-1470 (fax)

Counsel for the Debtor
and Debtor-in-Possession

569024

# CERTIFICATE OF SERVICE

I certify that on August 11, 2010, a copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the District of Puerto Rico, and (ii) via first class mail to the parties on the Service List attached hereto that are unable to receive electronic notices.

                                                                   */s/ Brent McIlwain*
                                                                    Brent McIlwain

# Service List

| Twenty Largest Unsecured Creditors | | |
|---|---|---|
| American Stock Transfer<br>6201 15th Avenue<br>2nd Floor<br>Brooklyn, NY 11219 | Carlos M. Machado PA<br>2030 Douglas Road, Suite 210<br>Coral Gables, FL 33134 | Bowne of Atlanta, Inc.<br>PO Box 101691<br>Atlanta, GA 30392-1691 |
| AXA Equitable<br>National Operation Center<br>PO Box 1047<br>Charlotte, NC 29201-1047 | Aflac<br>1932 Wynton Rd<br>Columbus, GA 31999-0797 | ADP, Inc.<br>PO Box 9001006<br>Louisville, KY 40290-1006 |
| CT Corporation System<br>PO Box 4349<br>Carol Stream, IL 60197-4349 | National Life Insurance<br>PO Box 366107<br>San Juan PR 00936-6107 | Honorable Secretario de Hacienda<br>Edificio Intendente Ramirez<br>Paseo Covadonga<br>San Juan PR 00901-2618 |
| Fifth Third Bank<br>21 East State Street<br>Columbus, OH 43215 | Zaragoza & Alvarado<br>PO Box 195598<br>San Juan, PR 00919-5598 | VIG Leasing<br>1225 Ponce de Leon Ave<br>VIG Tower, Suite 601<br>San Juan, PR 00907-3921 |
| AT&T<br>PO Box 105068<br>Atlanta, GA 30348-5068 | US Postmaster<br>361 Calaf Street<br>San Juan, PR 00918 | |
| **Office of the United States Trustee** | | |
| José Díaz-Vega<br>Office of the US Trustee<br>Ochoa Building<br>500 Tanca Street, Suite 301<br>San Juan, PR 00901 | | |
| **Secured Creditor** | | |
| FirstBank International Branch<br>c/o Martinez Odell & Calabria<br>P.O. Box 190998<br>San Juan, PR 00919-0998 | | |
| **Other Interested Parties** | | |
| Christopher A. Ward<br>Polsinelli Shughart PC<br>222 Delaware Avenue<br>Suite 1101<br>Wilmington, DE 19801 | Juan M. Suarez-Cobo<br>Legal Partners, PSC.<br>138 Winston Churchill Ave<br>Suite 316<br>San Juan, PR 00926-6023 | Manuel Fernandez-Bared<br>Jane Patricia Van Kirk<br>Toro, Colon, Mullet, Rivera & Sifre PSC<br>PO Box 195383<br>San Juan, PR 00919-5383 |
| Susan R. Sherrill-Beard<br>Senior Trial Counsel<br>3475 Lenox Road, N.E., Suite 1000<br>Atlanta, GA 30326-1232 | R&G Capital Trust III, V, VI<br>c/o Steven M. Cimalore<br>Wilmington Trust Company<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890 | Todd Meyers<br>Mark Fink<br>Kilpatrick Stockton LLP<br>1100 Peachtree St, NE, 17th Floor<br>Atlanta, GA 30309-4530 |
| Eldia Diaz-Olmo<br>P.O. Box 363952<br>San Juan, PR 00936-3952 | Sylvia C. Lugo Sotomayor<br>#7 Calle Bayamon<br>San Juan, PR 00918 | Charles A. Cuprill, Esq.<br>Charles A. Cuprill, P.S.C. Law Offices<br>356 Fortaleza ST, Second Floor<br>San Juan, PR 00901 |