UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| R&G FINANCIAL CORPORATION | CASE NO  10-04124-11 (ESL) |
| DEBTOR | CHAPTER 11 |

**DEBTOR'S MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTION 1121(d) EXTENDING THE EXCLUSIVE PERIOD DURING WHICH THE DEBTOR MAY FILE AND SOLICIT ACCEPTANCES OF A PLAN OF REORGANIZATION**

**NOTICE: WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED R. BANK. P. 9006(F) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO.  IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (i) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (iii) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.**

TO THE HONORABLE ENRIQUE S. LAMOUTTE INCLAN
UNITED STATES BANKRUPTCY JUDGE:

  R&G Financial Corporation, the debtor and debtor in possession in the above-captioned case (the "Debtor") hereby requests that the Court (the "Motion") enter an order (the "Order") under section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending the exclusive period during which the Debtor may file and solicit acceptances of a plan of reorganization.  In support of the Motion, the Debtor respectfully represents:

## I. Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Code section 1121(d).

## II. Background

2. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 14, 2010 (the "Petition Date"). The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case, and no committees have yet been appointed or designated.

3. The Debtor is a former bank holding company whose principal asset was its 100% interest in R-G Premier Bank of Puerto Rico (the "Bank"). On April 30, 2010 the Bank, along with two other Puerto Rican banks, was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico (the "OCFI").

4. Prior to its closure by the OCFI, the Bank provided a full range of banking, mortgage banking, and insurance brokerage services throughout Puerto Rico. For a number of years, the Debtor's subsidiaries also provided banking services in a limited number of cities in Florida. On April 30, 2010, the OCFI closed the Bank and appointed the Federal Deposit Insurance Corporation (the "FDIC") as receiver. In the wake of the loss of its principal operating subsidiary, the Debtor filed a voluntary chapter 11 petition on May 14, 2010.

5. The Court has established September 21, 2010 (the "Bar Date") as the date by which all creditors and parties in interest must file proofs of claim in the Debtor's bankruptcy case. Additionally, the Court has established November 17, 2010 (the "Governmental Bar Date" and collectively with the Bar Date, the "Bar Dates") as the date by which any governmental units or entities must file proofs of claim in the Debtor's bankruptcy case.

6. Bankruptcy Code section 1121(b) provides for an initial 120-day period after the order for relief within which the Debtor has the exclusive right to file a plan of reorganization in its case (the "Plan Period"). Bankruptcy Code section 1121(c) further provides for an initial 180-day period after the Petition Date within which the Debtor has the exclusive right to solicit and obtain acceptances of a plan filed by the Debtor during the Plan Period (the "Solicitation Period" and, together with the Plan Period, the "Exclusive Periods"). Thus, the Debtor's Plan Period is currently set to expire on September 13, 2010 and its Solicitation Period is set to expire on November 12, 2010.

### III. Relief Requested

7. By this Motion, the Debtor requests entry of an order extending the Plan Period until December 31, 2010 and the Solicitation Period until March 1, 2011. If granted, the extension of the Exclusive Periods will be without prejudice to (i) the Debtor's right to seek further extensions of the Exclusive Periods or (ii) the right of any party in interest to seek to reduce the Exclusive Periods for cause.

8. Additionally, in the event that the Court is unable to resolve the Motion before September 13, 2010, the Debtor requests entry of a bridge order, extending the Exclusive Periods until the Court is able to reach a final resolution of the Motion.

3

## IV. Basis for Relief

9. The Debtor is currently in the process of negotiating the parameters of a plan of reorganization that will allow it to resolve its estate in the most efficient manner possible and maximize the recovery for all of the Debtor's creditors. However, in order for the Debtor to formulate the specific terms of its plan of reorganization, the Debtor will need to have an opportunity to evaluate all claims that have been filed in its case by both governmental and non-governmental creditors. Until the Debtor receives an opportunity to evaluate the scope and extent of claims filed against its estate, it will be difficult for the Debtor to tailor and solicit a plan that will maximize the interests of all of its creditors.

10. The Bar Dates in the Debtor's case will not occur until more than a month after the current exclusivity period is set to expire. Extending the Exclusive Periods beyond the Governmental Bar Date will provide the Debtor an opportunity to evaluate the scope and extent of all claims filed against its estate and propose a plan that will be in the best interest of all of its creditors. Accordingly, the Debtor requests that the Court extend the Exclusive Periods as set forth above.

11. Under Bankruptcy Code section 1121(d), the Court may extend the Exclusive Periods for cause. Specifically, section 1121(d) provides:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause ... increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

12. Courts have identified several key factors relevant to a determination of whether cause exists under Bankruptcy Code section 1121(d), including the following:

(a). The size and complexity of a debtor's case;

(b). The amount of time that has elapsed since the debtor filed its bankruptcy case;

(c). The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

(d). The fact that the debtor is paying its bills as they become due;

(e). Whether the debtor has made progress in negotiations with its creditors;

(f). Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(g). Whether unresolved contingencies exist that affect the debtor's ability to reorganize;

(h). The existence of good faith progress towards reorganization; and

(i). Whether an extension of time will harm the debtor's creditors or other interested parties.

See *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *see also In re Adelphia Comm. Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006).

13. In evaluating whether an extension under Bankruptcy Code section 1121(d) is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case. *See In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest ..., we hold that the debtor has shown cause for the extension."); *In re Pub. Serv.*

*Co.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1998) ("[T]he legislative intent [is] to promote maximum flexibility."); H.R. Rep. No. 95-595, at 232 (1978) ("[T]he bill allows the flexibility for individual cases that is unavailable today."), reprinted in 1978 U.S.C.C.A.N. 5963, 6191.

14. As set forth herein, the extension of the Exclusive Periods sought herein is warranted because:

> (a). The Debtor's case is large and complex, involving an estate with claims that could total more than four hundred million dollars;
>
> (b). The Debtor currently faces significant, unresolved contingencies that will prevent it from effectively proposing a plan, namely, the Bar Dates have not occurred;
>
> (c). The Debtor has paid its post petition obligations as they have come due, and intends to continue to do so until the conclusion of its reorganization;
>
> (d). The Debtor is engaged in meaningful negotiations with its creditors regarding potential treatment of their claims and has a reasonable prospect of filing a viable plan of reorganization; and
>
> (e). An extension of the Exclusive Period beyond the Governmental Bar Date will not prejudice any other party in interest.

**A.     The Debtor's Case is Large and Complex**

15. The size and complexity of the Debtor's chapter 11 case constitutes cause to extend the Exclusive Periods. *See Express One*, 194 B.R. at 100 ("The traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization."); *see also Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) (affirming extension of the exclusivity period to over eighteen months because of "the complexity of the debtor's case"); *In re Highland Park Assocs. L.P. I*,

130 B.R. 55, 60 (Bankr. N.D. Ill. 1991) (finding that "the complexities of this case warrant an extension").

16.     The Debtor's case is large, complex, and could involve the resolution of more than $400 million of claims. Additionally, because the Debtor is a former bank holding company and current SEC registrant, certain of the Debtor's actions during this bankruptcy have potentially been subjected to significant regulatory oversight, which has magnified the complexity of the Debtor's already large case.

17.     Notwithstanding the potential challenges facing the Debtor due to the size and complexity of its case, the Debtor has extremely limited managerial resources. The Debtor has devoted a significant portion of these resources to responding to the initial challenges and reporting requirements imposed upon the Debtor at the outset of its case and is still in the process of evaluating strategies for resolving its estate that will optimize the return for all creditors. In light of the substantial size and complexity of the Debtor's case, extension of the Exclusive Periods is warranted.

**B.    The Debtor Will Face Significant, Unresolved Contingencies Until the Passage of the Bar Dates.**

18.     Extension of the Exclusive Periods will also be necessary in order to allow for the resolution of a significant, unresolved contingency – the passage of the Bar Dates - that will impact the Debtor's ability to propose an optimal plan of reorganization. Until the lapse of the Bar Dates, the Debtor will not be able to address the nature and extent of potential claims against its estate.

19.     The nature and extent of such claims is a crucial assumption to formulating a plan, as certain claims, including claims by certain governmental agencies, may be subject to

7

statutory administrative priority. Without understanding the nature and extent of claims, including governmental claims that may be entitled to administrative priority, the Debtor will not be able to engage in meaningful negotiations with its other creditors to finalize a plan that will maximize the interests of all creditor constituencies. In light of the significant, unresolved contingencies that will continue to exist in the Debtor's case until the lapse of the Bar Dates, an extension of the Exclusive Periods is warranted.

C.  **The Debtor has Paid its Post Petition Bills as they Have Become Due**

20. The Debtor has paid all of its post petition bills as they have come due and intends to continue to remain current on all of its post petition bills until the completion of its reorganization. In light of the Debtor's past and future intentions to pay its post petition obligations as they become due, extension of the Exclusive Periods is warranted.

D.  **The Debtor is in the Process of Negotiating with its Creditors and has Reasonable Prospects for Filing a Viable Plan of Reorganization.**

21. Although the Debtor will not be able to finalize its plan of reorganization until after the Bar Dates, the Debtor has nevertheless begun negotiations with some of its key creditor constituencies regarding proposed treatment under a plan of reorganization. Resolution of the proposed treatment of these creditor constituencies would address a significant portion of known claims against the Debtor's estate and pave the way for the expedient creation of a plan that would optimize the recovery of all creditors.

22. In light of the Debtor's initial progress in the plan formulation process, the Debtor is confident that after it receives a sufficient opportunity to evaluate the claims against its estate, it will be able to propose a plan of reorganization that will efficiently resolve all claims against its estate and maximize the recoveries of all creditors. Consequently, in light of the Debtor's

progress in plan negotiations and potential for proposing a viable plan, an extension of the Exclusive Periods is warranted.

**E.     The Extension Sought Will Not Harm the Debtor's Creditors or Other Parties in Interest**

23.     The Debtor's request for an extension of the Exclusive Periods is reasonable given the significant uncertainties that will face the Debtor and its estate until the expiration of the Bar Dates, the size and complexity of the case, and the Debtor's commencement of plan negotiations.  Furthermore, the requested extension of the Exclusive Periods would not harm any of the Debtor's other creditors or parties in interest, as the Debtor is only seeking an extension of the Exclusive Periods in order to afford it an opportunity to evaluate all claims against its estate before proposing a plan of reorganization.

24.     The Debtor, or any other party, would need to evaluate the extent of claims against the estate, including certain governmental and other claims that may be entitled to administrative priority, before devising a strategy for disbursing the Debtor's estate among its creditors.  The Debtor (or any other party intending to propose a plan) would not be able to make such an evaluation before the expiration of the Bar Dates.  Thus, even if exclusivity were terminated, the Debtor's creditors could not expect to receive a more expedient recovery from the estate, as any competing plan proponent would be hindered by the same uncertainties and lack of information presently facing the Debtor.  Terminating the Debtor's Exclusive Periods would only create additional confusion and further delay the resolution of its estate, without producing any corresponding benefit to the Debtor's creditors.

25.     The Debtor is still within its initial 120 day exclusivity period and granting the requested extension of the Exclusive Periods will not cause any significant or unnecessary delay

in the conclusion of the Debtor's reorganization proceedings. Furthermore, granting the requested Extension of the Exclusive Periods will allow the Debtor to better tailor its plan of reorganization to the needs of its creditors. Consequently, the requested extension of the Exclusive Periods will not prejudice the Debtor's creditors or parties in interest.

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper. In the event that the Court is unable to resolve the Motion on or before September 13, 2010, the Debtor also requests entry of a bridge order, temporarily extending the Exclusive Periods until the Court is able to finally resolve the Motion.

Dated: August 23, 2010

        Respectfully submitted,

        /s/ Brent McIlwain
        Robert W. Jones
        rwjones@pattonboggs.com
        Brent McIlwain
        bmcilwain@pattonboggs.com
        PATTON BOGGS LLP
        2000 McKinney Avenue, Suite 1700
        Dallas, TX 75201
        Telephone:   (214) 758-1500
        Facsimile:    (214) 758-1550

        - and -

        Jorge I. Peirats
        jpeirats@pmalaw.com
        PIETRANTONI MÉNDEZ & ALVAREZ LLP
        Popular Center, 19th Floor
        209 Muñoz Rivera Avenue
        San Juan, PR 00918
        (787) 274-4904
        (787) 274-1470 (fax)

        Counsel for the Debtor
        and Debtor-in-Possession

## Certificate of Service

I certify that on August 23, 2010, a copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the District of Puerto Rico, and (ii) via first class mail to the parties on the Service List attached hereto that are unable to receive electronic notices.

        */s/ Brent McIlwain*
        Brent McIlwain

## Service List

| Twenty Largest Unsecured Creditors | | |
|---|---|---|
| American Stock Transfer<br>6201 15th Avenue<br>2nd Floor<br>Brooklyn, NY 11219 | Carlos M. Machado PA<br>2030 Douglas Road, Suite 210<br>Coral Gables, FL 33134 | Bowne of Atlanta, Inc.<br>PO Box 101691<br>Atlanta, GA 30392-1691 |
| AXA Equitable<br>National Operation Center<br>PO Box 1047<br>Charlotte, NC 29201-1047 | Aflac<br>1932 Wynton Rd<br>Columbus, GA 31999-0797 | ADP, Inc.<br>PO Box 9001006<br>Louisville, KY 40290-1006 |
| CT Corporation System<br>PO Box 4349<br>Carol Stream, IL 60197-4349 | National Life Insurance<br>PO Box 366107<br>San Juan PR 00936-6107 | Honorable Secretario de Hacienda<br>Edificio Intendente Ramirez<br>Paseo Covadonga<br>San Juan PR 00901-2618 |
| Fifth Third Bank<br>21 East State Street<br>Columbus, OH 43215 | Zaragoza & Alvarado<br>PO Box 195598<br>San Juan, PR 00919-5598 | VIG Leasing<br>1225 Ponce de Leon Ave<br>VIG Tower, Suite 601<br>San Juan, PR 00907-3921 |
| AT&T<br>PO Box 105068<br>Atlanta, GA 30348-5068 | US Postmaster<br>361 Calaf Street<br>San Juan, PR 00918 | |

| Office of the United States Trustee | | |
|---|---|---|
| José Díaz-Vega<br>Office of the US Trustee<br>Ochoa Building<br>500 Tanca Street, Suite 301<br>San Juan, PR 00901 | | |

| Secured Creditor | | |
|---|---|---|
| FirstBank International Branch<br>c/o Martinez Odell & Calabria<br>P.O. Box 190998<br>San Juan, PR 00919-0998 | Fernando J. Valderrabano<br>Martinez Odell & Calabria<br>PO Box 190998<br>San Juan, PR 00919-0998 | |

| Other Interested Parties | | |
|---|---|---|
| Christopher A. Ward<br>Polsinelli Shughart PC<br>222 Delaware Avenue, Suite 1101<br>Wilmington, DE 19801 | Juan M. Suarez-Cobo<br>Legal Partners, PSC.<br>138 Winston Churchill Ave, Suite 316<br>San Juan, PR 00926-6023 | Manuel Fernandez-Bared<br>Jane Patricia Van Kirk<br>Toro, Colon, Mullet, Rivera & Sifre PSC<br>PO Box 195383<br>San Juan, PR 00919-5383 |
| Susan R. Sherrill-Beard<br>Senior Trial Counsel<br>3475 Lenox Road, N.E., Suite 1000<br>Atlanta, GA 30326-1232 | R&G Capital Trust III, V, VI<br>c/o Steven M. Cimalore<br>Wilmington Trust Company<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890 | Todd Meyers<br>Mark Fink<br>Kilpatrick Stockton LLP<br>1100 Peachtree St, NE, 17th Floor<br>Atlanta, GA 30309-4530 |
| Eldia Diaz-Olmo<br>P.O. Box 363952<br>San Juan, PR 00936-3952 | Sylvia C. Lugo Sotomayor<br>#7 Calle Bayamon<br>San Juan, PR 00918 | Charles A. Cuprill, Esq.<br>Charles A. Cuprill, P.S.C. Law Offices<br>356 Fortaleza ST, Second Floor<br>San Juan, PR 00901 |
| Hermann D. Bauer<br>Ubaldo M. Fernández<br>O'Neill & Borges<br>American International Plaza<br>250 Muñoz Rivera Avenue, Suite 800<br>San Juan, PR 00918-1813 | | |