UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| R&G FINANCIAL CORPORATION | CASE NO  10-04124-11 (ESL) |
|---|---|
| DEBTOR | CHAPTER 11 |

**DEBTOR'S EX-PARTE MOTION TO CONTINUE THE AUGUST 16, 2011 HEARING SCHEDULED TO CONSIDER THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION**

TO THE HONORABLE ENRIQUE S. LAMOUTTE INCLAN
UNITED STATES BANKRUPTCY JUDGE:

R&G Financial Corporation, the debtor and debtor in possession in the above-captioned case (the "Debtor") hereby requests that the Court (the "Motion") enter an order (the "Order") under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), continuing the hearing, presently scheduled for August 16, 2011, to consider the *Disclosure Statement for the Debtor's Chapter 11 Plan of Liquidation* (the "Disclosure Statement," Docket No. 329). In support of the Motion, the Debtor respectfully represents:

**I. Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a) and Local Bankruptcy Rules 9013-1(g) and 9013-1(d)(2).

1

## II. Background

2.       The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 14, 2010 (the "Petition Date").  The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case, and no committees have yet been appointed or designated.

3.       The Debtor is a former bank holding company whose principal asset was its 100% interest in R-G Premier Bank of Puerto Rico (the "Bank").  On April 30, 2010 the Bank, along with two other banks in Puerto Rico were closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico (the "OCFI").

4.       Prior to its closure by the OCFI, the Bank provided a full range of banking, mortgage banking, and insurance brokerage services throughout Puerto Rico.  For a number of years, the Debtor's subsidiaries also provided banking services in a limited number of cities in Florida.  On April 30, 2010, the OCFI closed the Bank and appointed the Federal Deposit Insurance Corporation (the "FDIC") as receiver.  In the wake of the loss of its principal operating subsidiary, the Debtor filed a voluntary chapter 11 petition on May 14, 2010.

**The Plan and Disclosure Statement**

5.       On May 31, 2011, the Debtor filed its *Debtor's Chapter 11 Plan of Liquidation* (the "Plan," Docket No. 328) and its corresponding Disclosure Statement.  Both the Plan and Disclosure Statement were filed within the period (as extended by the Court) during which the Debtor possessed the exclusive right to propose and solicit acceptances of a Plan pursuant to 11

U.S.C. §§ 1121(b) and (d). Through the Plan, the Debtor proposed a mechanism for monetizing and distributing its remaining assets to the holders of allowed claims against the Debtor's estate.

6. On June 3, 2011, the Court entered an *Order and Notice* scheduling a hearing to consider approval of the Debtor's Disclosure Statement on August 16, 2011 at 2:00 p.m. (the "Disclosure Statement Hearing"). The Court's *Order and Notice* established a deadline of August 2, 2011 to submit objections to the Debtor's Plan and Disclosure Statement. Pursuant to the Court's request in the *Order and Notice*, the Debtor transmitted notice of the Plan, Disclosure Statement, and Disclosure Statement Hearing to all interested parties in this bankruptcy proceeding.

**Comments and Review of the Plan and Disclosure Statement**

7. Since the Debtor's transmission of notice of the Plan, Disclosure Statement, and Disclosure Statement Hearing, the Debtor has received comments regarding its Plan and Disclosure Statement from many interested parties. To the best of its ability, the Debtor has worked with these interested parties to resolve their comments and concerns regarding the Plan and Disclosure Statement.

8. In an attempt to consensually resolve all potential comments and objections to the Disclosure Statement, the Debtor reached an agreement with several interested parties to extend their deadline to submit objections to the Disclosure Statement beyond the August 2, 2011 deadline set by the Court. However, despite working to the best of its ability to resolve such issues, it now appears that the Debtor will not be able to resolve all potential Plan and Disclosure Statement comments before the August 16, 2011 Disclosure Statement Hearing.

612837

9. The Debtor believes that resolution of certain of these comments and issues may require the Debtor to amend and re-file the Plan and Disclosure Statement, to ensure that the Disclosure Statement will satisfy all of the concerns of interested parties and comply with the standards necessary for approval by the Bankruptcy Court. For example, comments and analysis regarding the Plan and Disclosure Statement have suggested that the Debtor will need to adjust its proposed solicitation procedures in order to ensure that the beneficial holders of its Trust Preferred Subordinated Debentures (as that term is defined in the Plan) receive adequate information about the Plan and Disclosure Statement to make an informed decision regarding the Plan.

10. Prior to filing this Motion, the Debtor conferred with chambers to examine alternate dates when the Court may be available to consider approval of the Disclosure Statement. Upon information and belief, the Court would be available on September 26, 2011 at 10:00 a.m. to consider approval of the Disclosure Statement.

### III. Relief Requested

11. By this Motion, the Debtor requests entry of an order continuing the Disclosure Statement Hearing to September 26, 2011 at 10:00 a.m., or another date that would be amenable for the Court.

### IV. Basis for Relief

**A.   Continuing the Disclosure Statement Hearing is Necessary and Appropriate**

12. Bankruptcy Code section 105(a) provides that the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

13. Here, continuation of the Disclosure Statement Hearing will be necessary and appropriate. The Debtor believes that it will need to make additional modifications to the Plan and Disclosure Statement in order to ensure that these documents address the comments and concerns that it has received from interested parties and comply with the requirements necessary to solicit acceptances of its Plan. Given the short amount of time remaining before the presently scheduled Disclosure Statement Hearing, the Debtor does not believe that it will be able to complete all necessary modifications to the Plan and Disclosure Statement and provide all interested parties with notice of its modified Plan and Disclosure Statement before the August 16, 2011 Disclosure Statement Hearing.

14. Because the Debtor will likely not be able to address all proposed comments and revisions to the Disclosure Statement before the August 16, 2011 Disclosure Statement Hearing, conducting the Disclosure Statement on August 16, 2011 would merely consume both the Court's and the Debtor's valuable and limited resources without producing any significant corresponding benefits to the Debtor's estate. The Debtor submits that continuing the Disclosure Statement Hearing to September 26, 2011 (or such other date as may be selected by the Court) would both streamline the Plan confirmation process and conserve the limited (and valuable) resources of both the Court and the Debtor's estate.

15. After resolving all outstanding Disclosure Statement comments, the Debtor intends to file amended versions of Plan and Disclosure Statement and circulate these amended documents to all parties in interest before any continued Disclosure Statement Hearing date. Consequently, the requested continuance will not prejudice any parties in interest. In fact, the requested continuance will benefit all interested parties by allowing the Debtor to address all of

their respective comments to the Plan and Disclosure Statement in an orderly fashion, before presenting modified versions of both documents to the Court for approval.

      **B.**      **Ex-Parte Consideration of the Motion is Appropriate**

      16.      The Disclosure Statement Hearing is presently scheduled to commence on August 16, 2010, less than two weeks from the date of this Motion. Consequently, the Debtor does not have sufficient time to request the relief sought in the Motion with the "normal" 14-day response period set forth in Local Bankruptcy Rule 9013-1(h). Furthermore, even after obtaining the relief sought in the Motion, the Debtor will need sufficient time to provide notice of the continued Disclosure Statement Hearing date to all interested parties.

      17.      Accordingly, the Debtor requests that the Court enter an order, ex-parte, approving the Motion and continuing the Disclosure Statement Hearing to September 26, 2011 at 10:00 a.m., or another date that would be amenable for the Court. Because the Motion must be approved before August 16, 2011 in order to provide notice of the continued Disclosure Statement Hearing date to all interested parties, it would not be practical to obtain a hearing to consider the Motion or allow the normal objection period to run.

      18.      Furthermore, Pursuant to Puerto Rico Local Bankruptcy Rule 9013-1(d)(2), the Court may act upon a motion without a hearing, prior to the expiration of any applicable objection period, if the motion is a non-adversarial motion of a routine nature. The Motion does not seek any adversarial or unusual relief. Rather, it represents a simple request for a continuance by the Debtor, in order to afford it sufficient time to address certain proposed comments that it has received to the Disclosure Statement.

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 5, 2011

>Respectfully submitted,
>
>/s/ Brent McIlwain
>Robert W. Jones
>rwjones@pattonboggs.com
>Brent McIlwain
>bmcilwain@pattonboggs.com
>PATTON BOGGS LLP
>2000 McKinney Avenue, Suite 1700
>Dallas, TX 75201
>Telephone: (214) 758-1500
>Facsimile: (214) 758-1550
>
>- and -
>
>Jorge I. Peirats
>jpeirats@pmalaw.com
>PIETRANTONI MÉNDEZ & ALVAREZ LLP
>Popular Center, 19th Floor
>209 Muñoz Rivera Avenue
>San Juan, PR 00918
>(787) 274-4904
>(787) 274-1470 (fax)
>
>Counsel for the Debtor
>and Debtor-in-Possession

612837

## Certificate of Service

I certify that on August 5, 2011, a copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the District of Puerto Rico, and (ii) via first class mail to the parties on the Service List attached hereto that are unable to receive electronic notices.

                                         */s/ Brent McIlwain*
                                         Brent McIlwain

# Service List

| Twenty Largest Unsecured Creditors | | |
|---|---|---|
| Wilmington Trust Company<br>Attn: Steven M. Cimalore<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890 | Fifth Third Bank<br>21 East State Street<br>Columbus, OH 43215 | Primatics Consulting<br>8401 Greensboro Drive<br>McLean, VA 22102 |
| SenseCorp<br>2751 Sutton Blvd<br>Suite 200<br>St. Louis, MO 63143 | Honorable Secretario de Hacienda<br>Edificio Intendente Ramirez<br>Paseo Covadonga<br>San Juan PR 00901-2618 | Riskspan<br>8150 Leesburg Pike<br>Suite 200<br>Vienna, VA 22182 |
| R-G Premier Bank of Puerto Rico Retirement Plan<br>PO Box 2510<br>Guaynabo, PR 00970-2510 | Carlos M. Machado PA<br>2030 Douglas Road<br>Suite 210<br>Coral Gables, FL 33134 | American Stock Transfer<br>6201 15th Avenue<br>2nd Floor<br>Brooklyn, NY 11219 |
| AT&T<br>PO Box 105068<br>Atlanta, GA 30348-5068 | Information Resources Group<br>PMP 637, Suite 105<br>89 De Diego Ave<br>San Juan, PR 00927-6346 | Bowne of Atlanta, Inc.<br>PO Box 101691<br>Atlanta, GA 30392-1691 |
| Adsuar Moñiz Goyco Seda Perez Ochoa, PSC<br>PO Box 70294<br>San Juan, PR 00936-8294 | CRIM<br>PO Box 195387<br>San Juan, PR 00919-5387 | Triple S Inc.<br>PO Box 363628<br>San Juan, PR 00936-3628 |
| ADP, Inc.<br>PO Box 9001006<br>Louisville, KY 40290-1006 | CIMA IT Solutions Corp.<br>203 Mansiones de Coamo<br>Coamo PR 00769 | Aflac<br>1932 Wynton Rd<br>Columbus, GA 31999-0797 |
| AT&T Mobility<br>PO Box 6463<br>Carol Stream, IL 60197-6463 | | |
| **Office of the United States Trustee** | | |
| José Díaz-Vega<br>Office of the US Trustee<br>Ochoa Building<br>500 Tanca Street, Suite 301<br>San Juan, PR 00901 | | |
| **Secured Creditor** | | |
| FirstBank International Branch<br>c/o Martinez Odell & Calabria<br>P.O. Box 190998<br>San Juan, PR 00919-0998 | Fernando J. Valderrabano<br>Martinez Odell & Calabria<br>PO Box 190998<br>San Juan, PR 00919-0998 | |
| **Other Interested Parties** | | |
| Christopher A. Ward<br>Polsinelli Shughart PC<br>222 Delaware Avenue, Suite 1101<br>Wilmington, DE 19801 | Juan M. Suarez-Cobo<br>Legal Partners, PSC.<br>138 Winston Churchill Ave, Suite 316<br>San Juan, PR 00926-6023 | Nelson Robles Díaz<br>Nelson Robles-Diaz Law Offices, P.S.C.<br>PO Box 190998<br>San Juan, PR 00919-0998 |
| Susan R. Sherrill-Beard<br>Senior Trial Counsel<br>3475 Lenox Road, N.E., Suite 1000<br>Atlanta, GA 30326-1232 | R&G Capital Trust III, V, VI<br>c/o Steven M. Cimalore<br>Wilmington Trust Company<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890 | Todd Meyers<br>Mark Fink<br>Kilpatrick Stockton LLP<br>1100 Peachtree St, NE, 17th Floor<br>Atlanta, GA 30309-4530 |
| Eldia Diaz-Olmo<br>P.O. Box 363952<br>San Juan, PR 00936-3952 | Sylvia C. Lugo Sotomayor<br>#7 Calle Bayamon<br>San Juan, PR 00918 | Charles A. Cuprill, Esq.<br>Charles A. Cuprill, P.S.C. Law Offices<br>356 Fortaleza ST, Second Floor<br>San Juan, PR 00901 |
| Hermann D. Bauer<br>Ubaldo M. Fernández<br>O'Neill & Borges<br>American International Plaza<br>250 Muñoz Rivera Avenue, Suite 800<br>San Juan, PR 00918-1813 | Jose Raul Cancio Bigas<br>Ileana Oliver Falero<br>Cancio Covas & Santiago, LLP<br>MCS Placa Building, Suite A<br>255 Ponce de Leon Ave<br>Hato Rey, PR 00917 | Manuel Fernandez-Bared<br>Jane Patricia Van Kirk<br>Toro, Colon, Mullet, Rivera & Sifre PSC<br>PO Box 195383<br>San Juan, PR 00919-5383 |
| Myra M. Vélez-Plumey<br>PO Box 70179<br>San Juan, PR 00936-7179 | Federal Reserve Bank of New York<br>Attn : Thomas Oravetz<br>33 Liberty Street<br>New York, NY 10045 | Federal Reserve<br>Attn : Scott G. Alvarez<br>20th Street and Constitution Ave NW<br>Washington, DC 20551 |

612837

| | | |
|---|---|---|
| A. Neil Hartzell<br>LeClair Ryan<br>One International Place<br>Eleventh Floor<br>Boston, MA 02110 | Dennis S. Klein<br>William Sanchez<br>Hughes Hubbard & Reed LLP<br>1775 I Street NW<br>Washington, DC 2006-2401 | Puerto Rico OCFI<br>Attn : Alfredo Padilla<br>PO Box 11855<br>San Juan, PR 00910-3855 |
| Vivian Ortiz-Ponce<br>PMB 315, Suite 67<br>35 Juan C. Borbon<br>Guaynabo, PR 00969-5375 | | |

612837