UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| R&G FINANCIAL CORPORATION | CASE NO 10-04124-11 (ESL) |
| DEBTOR | CHAPTER 11 |

ORDER (I) ESTABLISHING PROCEDURES FOR SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTOR'S FIRST
AMENDED CHAPTER 11 PLAN OF LIQUIDATION, (II) SCHEDULING A HEARING AND
ESTABLISHING CERTAIN NOTICE AND OBJECTION PROCEDURES IN RESPECT
OF CONFIRMATION OF THE DEBTOR'S FIRST AMENDED CHAPTER 11
PLAN OF LIQUIDATION, AND (III) GRANTING CERTAIN RELATED RELIEF

Upon the motion filed September 6, 2011 [ECF No. 359] (the "Motion"), by the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order: (a) establishing the procedures for solicitation and tabulation of votes to accept or reject the Amended Plan,[1] including (i) fixing the Voting Record Date for the purpose of determining which holders of Claims or Interests in the Voting Classes are entitled to vote to accept or reject the Amended Plan and the amount of each voting holder's Claim or Interest against the Debtor for voting purposes, (ii) approving the form and procedures for distribution of the Solicitation Packages, including the Amended Disclosure Statement, and (iii) approving the form of Ballots and establishing procedures for voting to accept or reject the Amended Plan; (b) scheduling a hearing on confirmation of the plan (the "Confirmation Hearing") and approving notice procedures related to the Confirmation Hearing, and fixing the time and manner to object to confirmation of the Amended Plan; and (c) granting such other and further relief as this Court may deem just and proper; and the Court having jurisdiction over this matter; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Amended Disclosure Statement has been given; and after due deliberation and upon the Court's

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

611969

determination that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest, and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. The Ballots and Master Ballots annexed to this Order as Exhibits A and B, respectively, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of this chapter 11 case, and are appropriate for each of the Voting Classes.

B. Solicitation Packages need not be provided to holders of Impaired Interests in Class 6 (RGFC Preferred Stock Interests) and Class 7 (RGFC Common Stock Interests) because the holders in such classes are Impaired under the Amended Plan, shall neither receive nor retain any property under the Amended Plan on account of such Interests, and are thus deemed to have rejected the Amended Plan.

C. Solicitation Packages need not be provided to holders of Unimpaired Claims in Class 1 (Secured Claims) and Class 2 (Non-FDIC Priority Claims) and holders of Unclassified Claims because the holders in such classes are treated as Unimpaired and are therefore deemed to have accepted the Amended Plan.

D. The voting instructions and procedures attached to the Ballots and Master Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

E. In accordance with Bankruptcy Rule 3017(d), the procedures set forth in this Order for transmitting Solicitation Packages to beneficial holders of securities of the Debtor are adequate under the circumstances for such holders to make an informed decision to accept or reject the Amended Plan.

F. The contents of the Solicitation Packages and Non-Voting Packages, as set forth in this Order, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, holders of Interests in the Debtor.

G. The combination of direct and published notice of the Amended Plan and Confirmation Hearing, as set forth in this Order, satisfies the requirements of due process with respect to all known and unknown creditors and shareholders of the Debtor.

## NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. <u>Disposition</u>. The Motion is granted. Any objections that have not previously been withdrawn are hereby overruled.

2. <u>Voting Record Date</u>. September 26, 2011, the date upon which a hearing was held to consider the Amended Disclosure Statement, is established as the voting record date (the "<u>Voting Record Date</u>") for purposes of determining the holders of Claims and Interests in the Voting Classes entitled to receive Solicitation Packages and vote to accept or reject the Amended Plan, and the holders of Claims and Interests in the Non-Voting Classes that shall receive a Non-Voting Package. Each holder of a Claim or Interest in a Voting Class shall only be entitled to vote to accept or reject the Amended Plan in the Allowed amount of such Claim or Interest as of the Voting Record Date.

3. <u>Solicitation Packages</u>. The Debtor and/or Voting Agent are authorized and empowered to distribute or cause to be distributed, by the Solicitation Commencement Date (as defined below), the Solicitation Packages, by first class mail, consisting of:

   a. a CD-ROM containing the Amended Disclosure Statement, together with the Amended Plan and other exhibits annexed thereto;

   b. a copy of the Solicitation Procedures Order, as entered, excluding the Exhibits annexed thereto;

   c. a Ballot[2] together with a pre-paid return envelope; and

   d. a copy of such other materials as the Bankruptcy Court may direct or approve, including supplemental solicitation materials the Debtor may file with the Bankruptcy Court, which shall be provided in hard copy form.

4. <u>Solicitation Commencement Date</u>. The Solicitation Commencement Date shall be October 3, 2011.

5. <u>Non-Voting Packages</u>. The Debtor and/or Voting Agent are authorized and empowered to distribute or cause to be distributed, by the Solicitation Commencement Date, the Non-Voting Packages, by first class mail, consisting of a copy of the appropriate Non-Voting Notice.

---

[2] Consistent with securities industry practices in bankruptcy solicitations, Master Ballots will be distributed to Voting Nominees in Class 5 (Subordinated Notes Claims) after the Solicitation Packages have been distributed to the Beneficial Owners in those Classes.

611969

6. A transferee of a scheduled or filed Claim shall be entitled to receive a Solicitation Package and vote to accept or reject the Amended Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence that transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

7. When a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder as of the Voting Record Date of such transferred Claim.

8. To the extent that the following parties have not otherwise been sent a Solicitation Package, as of the Solicitation Commencement Date, the Debtor and/or Voting Agent are authorized and empowered to commence distribution of (a) the CD-ROM containing the Amended Disclosure Statement, together with the Amended Plan and other exhibits annexed thereto and (b) a copy of the Solicitation Procedures Order, excluding exhibits annexed thereto to: (i) the Office of the United States Trustee; (ii) the indenture trustee for each series of Subordinated Notes and/or the Conservation Trust; (iii) the Securities Exchange Commission; (iv) the Internal Revenue Service; (v) the Puerto Rico Department of Treasury; (vi) the Federal Deposit Insurance Corporation, in its capacity as receiver for R-G Premier Bank; (vii) the Board of Governors of the Federal Reserve System; and (viii) those parties requesting notice pursuant to Bankruptcy Rule 2002.

9. <u>Delivery of Ballots to Voting Classes</u>. The Debtor and/or Voting Agent will deliver, or cause to be delivered, Ballots to all holders of Claims and Interests in the Voting Classes that are entitled to vote on the Amended Plan. Holders of Claims arising from the beneficial ownership of Trust Preferred Subordinated Debentures will receive Ballots without the voting amount of their Claims pre-printed on their Ballots. Holders of Claims not arising from the beneficial ownership of Trust Preferred Subordinated Debentures, including Claims in Class 3 and Class 4 will receive Ballots with the voting amount of their Claims or Interests pre-printed on the Ballots based on the following:

611969

a. unless otherwise provided in these tabulation rules, a Claim or Interest will be deemed temporarily "Allowed" for voting purposes only in an amount equal to: (i) if no Proof of Claim has been timely filed in respect of such claim, the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Debtor's schedules of assets and liabilities or statement of financial affairs (as amended or modified, the "Schedules"); (ii) if a Proof of Claim has been timely filed in respect of such Claim, the amount for which the Proof of Claim has been filed with the Bankruptcy Court;

b. if a Claim is listed in the Schedules as contingent, unliquidated, disputed, or in the amount of $0.00, and a Proof of Claim for such Claim was not either (i) filed by the applicable bar date for the filing of Proofs of Claim established by the Bankruptcy Court, or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, such Claim is disallowed for voting purposes only;

c. with regard to any Claim for which a Proof of Claim has been timely filed and has not been disallowed, unless identified by the Voting Agent as being filed for an amount that is wholly contingent, unliquidated, disputed, not specified or provided in a form other than U.S. Dollars, any such Claim that has been filed in the amount of $0.00 is disallowed for voting purposes only;

d. with regard to any Claim for which a Proof of Claim has been timely filed and has not been disallowed, if the amount of such Claim is identified by the Voting Agent as being filed for an amount that is wholly contingent, unliquidated, disputed, not specified, or provided in a form other than U.S. Dollars, unless such Claim has otherwise been temporarily allowed for voting purposes by the Bankruptcy Court, such Claim is temporarily allowed for voting purposes only in the amount of $1.00;

e. if a Claim is deemed Allowed in accordance with the Amended Plan, such Claim will be temporarily allowed for voting purposes in the deemed Allowed amount set forth in the Amended Plan;

f. if a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Bankruptcy Court;

g. notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims in a particular Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in that Voting Class, regardless of whether the Debtor or any other party in interest has objected to such duplicate Claims;

h. if the Debtor files an objection or requests an estimation of a Claim, for purposes of voting on the Amended Plan, by the Claims Objection/Estimation Deadline (defined below), such Claim shall be temporarily disallowed for voting purposes only to the extent and in the manner as may be set forth in such objection or request; and

i. the Claims Objection/Estimation Deadline, solely with regard to voting on the Amended Plan, shall be November 18, 2011.

10. To ensure that solicitation materials are served in sufficient quantities and upon the appropriate parties with respect to the Trust Preferred Subordinated Debentures, the Debtor proposes that the Bankruptcy Court authorize the Voting Agent (as defined below) to request one or more reports from the Depository Trust Company (the "DTC") relating to notes issued by the Puerto Rico Conservation Trust,[3] including, without limitation, a securities position report as of the Voting Record Date.

11. <u>Delivery of Notice to Holders of Unimpaired Claims and Unclassified Claims Deemed to Accept the Amended Plan</u>. The Notice of Unimpaired Class Non-Voting Status, substantially in the form annexed hereto as <u>Exhibit C</u>, is hereby approved. The Debtor and/or Voting Agent shall mail or cause to be mailed by the Solicitation Commencement Date by first class mail to each holder of Claims in Class 1 (Secured Claims) and Class 2 (Non-FDIC Priority Claims) and to each holder of an Unclassified Claim, a Non-Voting Package consisting of (a) a CD-ROM containing the Amended Disclosure Statement, together with the Amended Plan and other exhibits annexed thereto and (b) a copy of a Notice of Unimpaired Class Non-Voting Status.

12. <u>Delivery of Notice to Deemed Rejecting Classes</u>. The Notice of Deemed Rejecting Class Non-Voting Status, substantially in the form annexed hereto as <u>Exhibit D</u>, is hereby approved. The Debtor and/or Voting Agent shall mail or cause to be mailed by the Solicitation Commencement Date by first class mail to each holder of Interests in Class 6 (RGFC Preferred Stock Interests) and Class 7 (RGFC Common Stock Interests) a Non-Voting Package consisting of a copy of a Notice of Deemed Rejecting Class Status.

13. <u>Undeliverable or Returned Notices and Solicitation Packages</u>. The Debtor and/or Voting Agent are excused from distributing Solicitation Packages or a Non-Voting Package to those entities

---

[3] Upon information and belief, the Puerto Rico Conservation Trust Fund (the "Conservation Trust") owns 100% of the underlying Trust Preferred Securities issued by R&G Capital Trust III, R&G Capital Trust V, and R&G Capital Trust VI. The Trust Preferred Securities owned by the Conservation Trust secure notes issued by the Conservation Trust to multiple underlying noteholders. These holders of notes issued by the Conservation Trust are the ultimate beneficial holders of the Trust Preferred Subordinated Debentures, and the Debtor intends to solicit acceptances from these underlying beneficial holders.

611969

listed at addresses where the Debtor and/or Voting Agent are unable to obtain accurate addresses for such entities before the Solicitation Commencement Date after having exercised good faith efforts to locate a more current address.

14. Further, if the Debtor and/or Voting Agent send Solicitation Packages or Non-Voting Packages to holders of Claims or Interests, which are deemed undeliverable, and, in good faith, cannot obtain more current addresses, the Debtor and/or Voting Agent are excused from attempting to re-deliver Solicitation Packages or Non-Voting Packages.

15. <u>Approving Forms of Ballots and Master Ballots, Distribution Thereof.</u> The Ballots and Master Ballots, substantially in the forms attached hereto as Exhibits A and B, respectively, are hereby approved.

16. The Voting Agent shall customize, to the extent possible, each Ballot, as applicable, to include each Claim holder's name, address and the Allowed amount of such Claim for voting purposes only but not for distribution purposes under the Amended Plan.

17. Wherever possible creditors who have more than one Claim against the Debtor or that hold Interests in the Debtor in more than one class shall receive only one Solicitation Package and one or more Ballots, as necessary.

18. Solicitation Packages, which shall include Ballots and Master Ballots as appropriate, shall be distributed to holders, as of the Voting Record Date, of Claims in the Voting Classes.

19. In the event that no holder of a Claim or Interest in a particular Voting Class votes to accept or reject the Amended Plan by the Voting Deadline, such Voting Class shall be deemed eliminated from the Amended Plan for purposes of voting to accept or reject the Amended Plan and for purposes of determining acceptance or rejection of the Amended Plan pursuant to section 1129(a)(8) of the Bankruptcy Code.

20. With respect to the Beneficial Owners in Class 5 (Subordinated Notes Claims), the Debtor and/or Voting Agent shall distribute or cause to be distributed Solicitation Packages, including Ballots, to the Voting Nominees. Each Voting Nominee will receive a Master Ballot and be entitled to

611969

receive a reasonably sufficient number of Solicitation Packages, including sufficient Ballots, to distribute to the Beneficial Owners. Upon written request by a Voting Nominee to counsel for the Debtor, the Debtor's estate shall be responsible for each such Voting Nominee's reasonable and customary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims, the tabulation of the Beneficial Ballots and completion of Master Ballots.

21. The Debtor and/or Voting Agent are authorized to distribute, or cause to be distributed, Master Ballots to the Voting Nominees in Class 5 (Subordinated Notes Claims) in accordance with customary procedures.

22. The Voting Nominees are required to forward a Solicitation Package to each Beneficial Owner in Class 5 (Subordinated Notes Claims) entitled to vote to accept or reject the Amended Plan. With respect to any Ballots returned from the Beneficial Owners, the Voting Nominees shall (a) tabulate the results according to the instructions set forth in the Master Ballot; (b) return such results in a Master Ballot; and (c) retain the underlying Ballots received from the Beneficial Owners for inspection for a period of one year following the Voting Deadline.

23. In order to cast their vote to accept or reject the Amended Plan, the Beneficial Owners should return their completed Ballots to the Voting Nominee so that it is received, at the latest, November 10, 2011, the date that is five (5) Business Days prior to the Voting Deadline (as defined below), or such other deadline as may be established by the Voting Nominee, so that the Voting Nominee has enough time to process the Ballots and summarize the results on the Master Ballot and submit the Master Ballot to the Voting Agent so that it is <u>actually received</u> by the Voting Agent on or before the Voting Deadline.

24. The Solicitation Packages and the manner of service of the Solicitation Packages as provided in the Order satisfy the requirements of Bankruptcy Rule 3017(d).

25. <u>Voting Deadline</u>. As used in this Order, the Voting Deadline shall be November 17, 2011.

26. <u>KCC as Voting Agent</u>. KCC is authorized to, among other things, perform all services relating to solicitation of votes on the Amended Plan.

611969

27. <u>Ballot Tabulation</u>. The Ballots and Master Ballots must be properly executed, completed and the original thereof shall be delivered to the Voting Agent so as to be <u>actually</u> <u>received</u> on or before the Voting Deadline by first class mail, personal delivery, or overnight courier, at Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, Attn: R&G Financial Ballot Tabulation.

28. If any party wishes to have its Claim allowed for purposes of voting on the Amended Plan in a manner that is inconsistent with the Ballot it received or the tabulation rules set forth herein or if any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such party must serve on counsel to the Debtor, counsel for Wilmington Trust, counsel for Banco Popular de Puerto Rico, and the U.S. Trustee and file with the Bankruptcy Court, on or before November 3, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification that such party believes its Claim should be allowed for voting purposes and the evidence in support of its belief.

29. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtor and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all. _November 17 at 2:00 PM_, 2011 is established as the date for a hearing to consider all 3018 Motions. Holders of Claims that do not receive pre-printed amounts on their Ballots do not need to file a 3018 Motion.

30. Except as otherwise provided by the express terms of this Order, any Ballot received after the Voting Deadline shall not be counted.

31. Holders of multiple Claims within a particular Voting Class must vote all of their Claims within a class either to accept or reject the Amended Plan and may not split their vote(s).

611969

32. Any Ballot that partially rejects and partially accepts the Amended Plan will not be counted.

33. Holders of Claims in the Voting Classes entitled to vote to accept or reject the Amended Plan shall be entitled to only one vote with respect to each of such holder's Claims.

34. A holder of Claims in more than one Voting Class under the Amended Plan must submit Ballots for each class of Claims.

35. The following types of Ballots will not be counted by the Voting Agent in determining whether the Amended Plan has been accepted or rejected:

    a. any Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Amended Plan, or that indicates both an acceptance and rejection of the Amended Plan;

    b. any Ballot received after the Voting Deadline, in the Debtor's sole discretion;

    c. any Ballot containing a vote that the Bankruptcy Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

    d. any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    e. any Ballot cast by a person or entity that does not hold a Claim or Interest in a Voting Class;

    f. any unsigned or non-original Ballot; and

    g. any Ballot transmitted to the Voting Agent by facsimile or other electronic means, at the Debtor's sole discretion.

36. In addition, the following voting procedures and standard assumptions will be used in tabulating the Ballots:

    a. the method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each creditor or shareholder, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

    b. if multiple Ballots are received from an individual creditor with respect to the same Claims prior to the Voting Deadline, the last dated Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior received Ballot;

    c.    the Debtor, in its sole discretion, subject to contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, including failure to timely submit such Ballot, either before or after the close of voting, and without notice. Except as provided below, unless the Ballot being furnished is timely received by the Voting Agent on or prior to the Voting Deadline, the Debtor may, in its sole discretion, reject such Ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Amended Plan;

    d.    after the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtor;

    e.    subject to any contrary order of the Bankruptcy Court, the Debtor reserves the absolute right to reject any and all Ballots not proper in form;

    f.    unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Bankruptcy Court) determines, and unless otherwise ordered by the Bankruptcy Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived; and

    g.    neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liability for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

37. Each holder of a Claim or Interest within a Voting Class entitled to vote to accept or reject the Amended Plan shall be entitled to vote the Allowed amount of such holder's Claim or Interest as of the Voting Record Date according to usual and customary tabulation procedures.

38. <u>Master Ballot Tabulation</u>. With respect to the tabulation of Master Ballots cast by Voting Nominees, the amount that will be used to tabulate acceptance or rejection of the Amended Plan will be the principal amount held by the Beneficial Owners of the Subordinated Notes Claims as of the Voting Record Date; <u>provided</u>, <u>however</u>, that the Voting Agent may adjust the principal amount voted to reflect the applicable Claim amount as of the Voting Record Date.

39. The following additional rules apply to the tabulation of Master Ballots cast by Voting Nominees:

    a.    votes cast on behalf of a Beneficial Owner by a Voting Nominee will be applied against the positions held by such Beneficial Owner in the applicable Subordinated Notes Claim as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant

                     to a Master Ballot, will not be counted in excess of the Voting Record Amount of such securities held by such Voting Nominee;

    b.    to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees;

    c.    to the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Amended Plan in the same proportion as the votes to accept and reject the Amended Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security;

    d.    where a Beneficial Owner holds its notes through more than one Voting Nominee, it must execute a separate Class 5 Ballot (Subordinated Notes Claim) for each block of securities. However, such holder must vote all of its Claims in each Class in the same manner, to either accept or reject the Amended Plan. Accordingly, if such holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Amended Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted;

    e.    Multiple Master Ballots may be completed by a single Voting Nominee and delivered to the Voting Agent, and such votes will be counted, except to the extent that such votes are inconsistent with or duplicative of other Master Ballots. In such case, the last Master Ballot received by the Voting Agent before the Voting Deadline will supersede and revoke any previously received Master Ballot; and

    f.    Each Beneficial Owner will be deemed to have voted the full amount of its Claim.

40.    **Plan Confirmation.** As used in this Order, the term "Confirmation Hearing" shall refer to the hearing to consider confirmation of the Amended Plan on November 29, 2011.

41.    **Plan Objection Deadline.** As used in this Order, the Plan Objection Deadline shall mean November 17, 2011.

42.    Any objection to the confirmation of the Amended Plan (including any supporting memoranda) must: (a) be made in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Amended Plan; and (d) be filed with the Bankruptcy Court, together with

proof of service, and served so that it is received on or before the Plan Objection Deadline by the following parties:

Counsel to the Debtor

Robert W. Jones
Brent McIlwain
PATTON BOGGS LLP
2000 McKinney Avenue, Suite 1700
Dallas, Texas 75201
Telephone:     (214) 758-1500
Fax:           (214) 758-1550

Jorge I. Peirats, Esq.
PIETRANTONI MENDEZ & ALVAREZ, LLP
Popular Center, 19th Floor
209 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone:     (787) 274-1212
Fax:           (787) 274-1470

Counsel for Wilmington Trust Company

Todd C. Meyers, Esq.
Mark A. Fink, Esq.
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309-4530
Telephone:     (404) 815-6500
Fax:           (404) 815-6555

Eldia M. Diaz-Olmo
ELDIA DIAZ-OLMO LAW OFFICES
Aon Center Building
304 Ponce de Leon Ave.
Suite 1100
Hato Rey, Puerto Rico 00907
Telephone:     (787) 641-7355
Fax:           (787) 641-7354

Counsel for Banco Popular de Puerto Rico (as Trustee for the Puerto Rico Conservation Trust)

Ubaldo M. Fernández-Barrera
O'NEILL & BORGES
American International Plaza
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918
Telephone:     (787) 764-8181
Fax:           (787) 753-8944

The United States Trustee

Office of the U.S. Trustee
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, PR 00901

43.     The Bankruptcy Court shall consider only timely filed written objections. All objections not timely filed and served in accordance herewith by the Objection Deadline shall be deemed overruled.

611969

44. The form of published notice of the Confirmation Hearing, substantially in the form annexed hereto as <u>Exhibits E</u>, is approved in all respects. The scope of published notice of the Confirmation Hearing is adequate and provides unknown claimants and shareholders with good and sufficient notice of the Confirmation Hearing.

45. Service of the Solicitation Packages, Non-Voting Notices and other notices and documents in the manner described in the Motion and this Order shall be adequate and sufficient and no further notice is necessary.

46. The Debtor is authorized to make any non-substantive changes to the voting procedures, Ballots, Master Ballots, Non-Voting Notices and/or forms of mailed and published notice of the Confirmation Hearing without further order of the Bankruptcy Court, including, without limitation, changes to correct typographical, grammatical, and/or formatting errors or omissions prior to the mailing to parties in interest.

47. The Debtor or any party supporting the Amended Plan is granted an opportunity to file a response to any objection to confirmation of the Amended Plan on or before the Objection Response Date, which shall be no later than November 22, 2011, the day that is five business days prior to the date of the Confirmation Hearing. The Debtor shall file its Statement in Support of Confirmation of the Amended Plan and a summary of the Amended Plan balloting results, as required by Local Bankruptcy Rule 3018-2, no later than five (5) business days prior to the Confirmation Hearing.

48. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

49. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

50. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

51. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

**IT IS SO ORDERED.**

Dated: September 8, 2011

**THE HONORABLE
ENRIQUE S. LAMOUTTE INCLAN
UNITED STATES BANKRUPTCY JUDGE**

CC: Debtor
Jorge I. Peirats