# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>R&G FINANCIAL CORPORATION<br><br>DEBTOR<br><br>Tax ID XX-XXX2217 | CASE NO. 10-04124<br><br>CHAPTER 11 |

**ORDER APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT FOR THE DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION**

Upon consideration of the *Disclosure Statement for the Debtor's First Amended Chapter 11 Plan of Liquidation* (the "Disclosure Statement," ECF No. 358); and adequate notice of the Disclosure Statement[1] having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that approval of the Disclosure Statement is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and based on the record presented and arguments of counsel at the hearing to consider the Disclosure Statement; and after due deliberation thereon and sufficient cause appearing therefore, the Court hereby finds and determines the following:

A. On August 5, 2011 the Court entered an order establishing a September 26, 2011 hearing to consider approval of the Disclosure Statement (the "Disclosure Statement Hearing").

B. No later than August 10, 2011 the Debtor transmitted a *Notice of Continued Hearing to Consider Approval of Debtor's Disclosure Statement for the Debtor's Chapter 11 Plan of Liquidation* (the "Disclosure Statement Hearing Notice") to all to all interested parties in accordance with Fed. R. Bankr. P. 3017 and 2002. The Disclosure Statement Notice provided

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement.

such parties with actual notice of the Disclosure Statement Hearing and the September 12, 2011 deadline for submitting objections to the Disclosure Statement. The Disclosure Statement Notice constitutes good and sufficient notice of the Disclosure Statement Hearing, comports with due process, and no other or further notice of the Disclosure Statement or Disclosure Statement Hearing is necessary.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. Pursuant to Bankruptcy Rule 3017(b), and subject to the modifications contained herein, the Disclosure Statement is approved as containing adequate information, within the meaning of 11 U.S.C. § 1125. To the extent not withdrawn, settled, or otherwise resolved, all objections to the Disclosure Statement are overruled.

2. Article VI of the Disclosure Statement is hereby amended and restated in the manner set forth on <u>Exhibit 1</u> attached hereto.

3. The Debtor is authorized to transmit copies of the Disclosure Statement, which shall incorporate the amended and restated version of Article VI reflected on the attached <u>Exhibit 1</u>, to all interested parties in accordance with the *Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Debtor's First Amended Chapter 11 Plan of Liquidation, (II) Scheduling a Hearing and Establishing Certain Notice and Objection Procedures in Respect of Confirmation of the Debtor's First Amended Chapter 11 Plan of Liquidation, and (III) Granting Certain Related Relief* (ECF No. 361).

4. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

**IT IS SO ORDERED.**

Dated: September ____, 2011

**THE HONORABLE
ENRIQUE S. LAMOUTTE INCLAN
UNITED STATES BANKRUPTCY JUDGE**

CC:    Debtor
         Jorge I. Peirats

617982

# Exhibit 1

# Amended and Restated
# Disclosure Statement Article VI

**VI. CERTAIN RISK FACTORS TO BE CONSIDERED PRIOR TO VOTING**

    **A.    Certain Bankruptcy Law Considerations**

The occurrence or non-occurrence of any or all of the following contingencies, and any others, could affect Distributions available to Holders of Allowed Claims under the Plan but will not necessarily affect the validity of the vote of the Impaired Classes to accept or reject the Plan or necessarily require a re-solicitation of the votes of Holders of Claims in such Impaired Classes.

        1.    **Parties in Interest May Object to the Plan's Classification of Claims and Interests**

Section 1122 of the Bankruptcy Code provides that a plan may place a claim or an equity interest in a particular class only if such claim or equity interest is substantially similar to the other claims or equity interests in such class. The Debtor believes that the classification of Claims and Interests under its Plan complies with the requirements set forth in the Bankruptcy Code because the Debtor created Classes of Claims and Interests, each encompassing Claims or Interests, as applicable, that are substantially similar to the other Claims and Interests in each such Class. Nevertheless, there can be no assurance that the Bankruptcy Court will reach the same conclusion.

        2.    **Failure to Satisfy Vote Requirements**

If votes are received in number and amount sufficient to enable the Bankruptcy Court to confirm the Plan, the Debtor intends to seek, as promptly as practicable thereafter, confirmation of the Plan. In the event that sufficient votes are not received, the Debtor may seek to confirm an alternative chapter 11 plan. There can be no assurance that the terms of any such alternative chapter 11 plan would be similar or as favorable to the Holders of Allowed Claims as those proposed in the Plan.

        3.    **The Debtor May Not Be Able to Secure Confirmation of the Plan**

Section 1129 of the Bankruptcy Code sets forth the requirements for confirmation of a chapter 11 plan, and requires, among other things, a finding by the bankruptcy court that: (a) such plan "does not unfairly discriminate" and is "fair and equitable" with respect to any non- accepting classes; (b) confirmation

of such plan is not likely to be followed by a liquidation or a need for further financial restructuring unless such liquidation or reorganization is contemplated by the plan; and (c) the value of distributions to non-accepting holders of claims and equity interests within a particular class under such plan will not be less than the value of distributions such holders would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code.

There can be no assurance that the requisite acceptances to confirm the Plan will be received. Even if the requisite acceptances are received, there can be no assurance that the Bankruptcy Court will confirm the Plan. A non-accepting Holder of an Allowed Claim might challenge either the adequacy of this Disclosure Statement or whether the balloting procedures and voting results satisfy the requirements of the Bankruptcy Code or Bankruptcy Rules. Even if the Bankruptcy Court determines that this Disclosure Statement, the balloting procedures, and the voting results are appropriate, the Bankruptcy Court can still decline to confirm the Plan if it finds that any of the statutory requirements for confirmation have not been met, including the requirement that the terms of the Plan do not "unfairly discriminate" and are "fair and equitable" to non-accepting Classes.

Confirmation of the Plan is also subject to certain conditions precedent as described in Article VIII of the Plan. If the Plan is not confirmed, it is unclear what distributions, if any, Holders of Allowed Claims will receive with respect to their Allowed Claims.

The Debtor, subject to the terms and conditions of the Plan, reserves the right to modify the terms and conditions of the Plan as necessary for confirmation. Any such modifications could result in a less favorable treatment of any non-accepting Class, as well as of any Classes junior to such non-accepting Class, than the treatment currently provided in the Plan. Such a less favorable treatment could include a distribution of property to the Class affected by the modification of a lesser value than currently provided in the Plan, or no distribution of property whatsoever under the Plan.

4.      **Nonconsensual Confirmation**

In the event that any impaired class of claims or equity interests does not accept a chapter 11 plan, a bankruptcy court may nevertheless confirm such a plan at the proponent's request if at least one impaired class has accepted the plan (with such acceptance being determined without including the vote of any "insider" in such class), and, as to each impaired class that has not accepted the plan, the bankruptcy court determines that the plan "does not discriminate unfairly" and is "fair and equitable" with respect to the dissenting impaired classes. The Debtor believes that its Plan satisfies these requirements and the Debtor may request such nonconsensual confirmation in accordance with subsection 1129(b) of the Bankruptcy Code. Nevertheless, there can be no assurance that the Bankruptcy Court will reach this conclusion. In addition, the

pursuit of nonconsensual confirmation of the Plan may result in, among other things, increased expenses relating to Professional Claims.

5.  **The Debtor May Object to the Amount or Classification of a Claim**

Except as otherwise provided in the Plan, the Debtor reserves the right to object to the amount or classification of any Claim under the Plan. The estimates set forth in this Disclosure Statement cannot be relied on by any Holder of a Claim where such Claim is subject to an objection. Any Holder of a Claim that is subject to an objection may not receive its expected share of the estimated Distributions described in this Disclosure Statement and may not be entitled to vote on the Plan.

6.  **The FDIC Has Asserted a Claim under section 365(o) of the Bankruptcy Code**

The FDIC, in its capacity as receiver for R-G Premier Bank of Puerto Rico (the "FDIC-R") has asserted a claim against RGFC under section 365(o) of the Bankruptcy Code in an unliquidated amount (which RGFC vigorously disputes), contending that RGFC's alleged failure to maintain adequate capitalization of the Bank and cure the deficit as required by section 365(o) gives rise to liability to the FDIC-R. The FDIC-R also contends that the unliquidated amounts it asserts under section 365(o) are entitled to priority status pursuant to section 507(a)(9) of the Bankruptcy Code. If the FDIC-R's section 365(o) claim is allowed, recoveries to the Holders of General Unsecured Claims against RGFC may be materially reduced (with possibly no recovery) or the Chapter 11 Case may be converted to a case under chapter 7 of the Bankruptcy Code.

7.  **Risk of Non-Occurrence of the Effective Date**

Although the Debtor believes that the Effective Date may occur promptly after the Confirmation Date, there can be no assurance as to such timing or as to whether the Effective Date will, in fact, occur.

8.  **Contingencies Could Affect Votes of Impaired Classes to Accept or Reject the Plan**

The Distributions available to Holders of Allowed Claims under the Plan can be affected by a variety of contingencies, including, without limitation, whether the Bankruptcy Court orders certain Allowed Claims to be subordinated to other Allowed Claims, the outcome of litigation with the FDIC and the results of Wilmington Trust's investigation pursuant to the Derivative Standing Order. The occurrence of any and all such contingencies, which could affect Distributions available to Holders of Allowed Claims under the Plan, will not affect the validity of the vote taken by the Impaired Classes to accept or reject the Plan or require any sort of revote by the Impaired Classes.

### B. Allegations and Reservation of Rights by the Federal Deposit Insurance Corporation and Other Interested Parties

1. Notwithstanding any provision in the Plan or any order of the Court confirming the Plan to the contrary, (a) the FDIC-R alleges that it will (i) retain its rights under section 9.5 of the Purchase and Assumption Agreement dated as of April 30, 2010 with Scotiabank de Puerto Rico and its rights, if any, to assert setoff rights under 12 U.S.C. § 1822(d), applicable state law, or section 553 of the Bankruptcy Code with respect to those certain demand deposit accounts that the Debtor asserts are demand deposit accounts in its name held by R-G Premier Bank of Puerto Rico, (ii) retain its right, if any, to assert a claim or interest in those certain Insurance Proceeds and Premium Refund Claims, more fully described in the FDIC-R's proof of claim filed in this bankruptcy case, and (iii) retain its right, if any, to assert a claim or interest in those certain Litigation Recovery Claims, more fully described in the FDIC-R's proof of claim filed in this bankruptcy case; and (b) the Debtor, the Plan Administrator, the Plan Consultant, the Debtor's current and former directors and officers, and all other parties in interest will retain any and all of their respective rights, defenses, setoffs or counterclaims that they hold now or in the future and that may be asserted with respect to any claims or interests asserted by the FDIC-R (including, without limitation, with respect to any Insurance Proceeds and Litigation Recovery Claims).

2. The FDIC-R alleges that notwithstanding any provision in the Plan or any order of the Court confirming the Plan to the contrary, no provision of the Plan or any order of the Court confirming the Plan will affect the rights, if any, granted to the FDIC-R pursuant to Title 12 of the United States Code or impair the rights and claims asserted by the FDIC-R in its proof of claim filed in this bankruptcy case. The Debtor, the Plan Administrator, the Plan Consultant, the FDIC-R, the Debtor's current and former directors and officers, and all other parties in interest reserve all of their respective rights, defenses, setoffs, or counterclaims that they hold now or in the future and that may be asserted with respect to all such allegations and nothing in this Disclosure Statement shall be deemed as a waiver of any party's rights to pursue or dispute such allegations

### C. Risk Factors that May Affect the Recovery Available to Holders of Allowed Claims

HOLDERS OF CLAIMS AND INTERESTS SHOULD READ AND CONSIDER CAREFULLY THE FACTORS SET FORTH BELOW, AS WELL AS THE OTHER INFORMATION SET FORTH IN THIS DISCLOSURE STATEMENT AND RELATED DOCUMENTS, REFERRED TO OR INCORPORATED BY REFERENCE IN THIS DISCLOSURE STATEMENT, PRIOR TO VOTING TO ACCEPT OR REJECT THE PLAN. THIS ARTICLE PROVIDES INFORMATION REGARDING POTENTIAL RISKS IN CONNECTION WITH THE PLAN. THESE FACTORS SHOULD NOT, HOWEVER, BE REGARDED AS

CONSTITUTING THE ONLY RISKS INVOLVED IN CONNECTION WITH THE PLAN AND ITS IMPLEMENTATION.

1. **The Debtor Cannot State with any Degree of Certainty What Recovery Will Be Available to Holders of Allowed Claims in Voting Classes**

No less than three unknown factors make certainty of creditor recoveries under the Plan impossible. First, the Debtor cannot know with any certainty, at this time, how much money will be available for distribution to Holders of Allowed Claims after monetization of the Debtor's assets. Second, the Debtor cannot know with any certainty, at this time, the number or amount of Claims that will ultimately be Allowed. Third, the Debtor cannot know with any certainty, at this time, the number or size of Claims senior to the voting Classes or unclassified Claims that will ultimately be Allowed.

2. **The Debtor is Involved in Litigation Which, if Adversely Determined, Could Result in Substantially Less Funds Being Available for Distribution**

The Debtor is involved in litigation, including, among other things, the Receivership Claim Litigation described in Article III of this Disclosure Statement. If the Receivership Claim Litigation is determined adversely to the Debtor, substantially less funds will be available to be distributed under the Plan. Additionally, certain litigation claims may not be covered entirely or at all by the Debtor's insurance policies, or their insurance carriers may seek to deny coverage.

D. **Disclosure Statement Disclaimer**

1. **Information Contained Herein Is for Soliciting Votes**

The information contained in this Disclosure Statement is for the purposes of soliciting acceptances of the Plan and may not be relied upon for any other purposes.

2. **This Disclosure Statement Was Not Approved by the United States Securities and Exchange Commission**

This Disclosure Statement was not filed with the Securities Exchange Commission under the Securities Exchange Act of 1934 and Securities and Exchange Commission Rules or applicable state securities laws. Neither the Securities and Exchange Commission nor any state regulatory authority has passed upon the accuracy or adequacy of this Disclosure Statement, or the exhibits or the statements contained herein, and any representation to the contrary is unlawful.

3. **No Legal Advice is being provided in this Disclosure Statement**

<u>This Disclosure Statement is not legal advice to you</u>. The contents of this Disclosure Statement should not be construed as legal, business, or tax advice. Each Holder of a Claim or an Interest should consult his or her own legal counsel and accountant with regard to any legal, tax, and other matters concerning his or her Claim or Interest. This Disclosure Statement may not be relied upon for any purpose other than to determine how to vote on the Plan, or object to confirmation of the Plan.

4. **No Admissions Made**

The information and statements contained in this Disclosure Statement will neither (a) constitute an admission of any fact or liability by any Entity (including, without limitation, the Debtor) nor (b) be deemed evidence of the tax or other legal effects of the Plan on the Debtor, Holders of Allowed Claims or Interests, or any other parties in interest.

5. **Failure to Identify Litigation Claims or Projected Objections**

No reliance should be placed on the fact that a particular litigation claim or projected objection to a particular Claim or Interest is, or is not, identified in this Disclosure Statement. The Plan Administrator may seek to investigate, file, and prosecute objections to Claims and Interests and may object to Claims after the confirmation or Effective Date of the Plan irrespective of whether this Disclosure Statement identifies such Claims or objections to such Claims.

6. **No Waiver of Right to Object or Right to Recover Transfers and Assets**

The vote by a Holder of an Allowed Claim for or against the Plan does not constitute a waiver or release of any Claims, Causes of Action, or rights of the Debtor or Liquidating RGFC (or any party in interest, as the case may be) to object to that Holder's Allowed Claim, or recover any preferential, fraudulent, or other voidable transfer of assets, regardless of whether any Claims, Causes of Action of the Debtor, its Estate, or Liquidating RGFC are specifically or generally identified herein.

7. **Potential Exists for Inaccuracies, and the Debtor Has No Duty to Update**

The statements contained in this Disclosure Statement are made by the Debtor as of the date hereof, unless otherwise specified herein, and the delivery of this Disclosure Statement after that date does not imply that there has not been a change in the information set forth herein since that date. While the Debtor has used its reasonable business judgment to ensure the accuracy of all of the information provided in this Disclosure Statement and in the Plan, the Debtor nonetheless cannot, and does not, confirm the current accuracy of all statements

appearing in this Disclosure Statement. Further, although the Debtor may subsequently update the information in this Disclosure Statement, the Debtor has no affirmative duty to do so unless ordered to do so by the Bankruptcy Court.

8.  **No Representations Outside this Disclosure Statement Are Authorized**

No representations concerning or relating to the Debtor, the Chapter 11 Case, or the Plan are authorized by the Bankruptcy Court or the Bankruptcy Code, other than as set forth in this Disclosure Statement. Any representations or inducements made to secure your acceptance or rejection of the Plan that are other than as contained in, or included with, this Disclosure Statement, should not be relied upon by you in arriving at your decision. You should promptly report unauthorized representations or inducements to the counsel to the Debtor and the U.S. Trustee.

E.  **Liquidation Under Chapter 7**

If no plan can be confirmed, the Debtor's Chapter 11 Case may be converted to a case under chapter 7 of the Bankruptcy Code, pursuant to which a trustee would be elected or appointed to liquidate the assets of the Debtor for distribution in accordance with the priorities established by the Bankruptcy Code. A discussion of the effects that a chapter 7 liquidation would have on the recoveries of Holders of Claims and the liquidation analysis is set forth in Article V herein, "Statutory Requirements for Confirmation of the Plan" and the Liquidation Analysis attached hereto as Exhibit B.